JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-09607 MMM (VBKx) |
| Date | January 26, 2011 |
| Title | *Golden Union Properties, LLC v. Agustine Amesquita* |

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. FACTUAL BACKGROUND

On July 14, 2010, plaintiff Golden Union Properties, LLC ("Golden Union"), filed an unlawful detainer action in Los Angeles Superior Court against *pro se* defendant Agustine Amesquita and certain fictitious defendants.[1] Golden Union alleges that it purchased real property located at 149 Pleasanthome Drive, La Puente, California 91744 ("the property") at a trustee's foreclosure proceeding on or about June 17, 2010.[2] On July 8, 2010, plaintiff served defendant with a notice to quit and deliver possession of the property pursuant to California Code of Civil Procedure § 1162.[3] Plaintiff alleges that defendant failed and refused to deliver possession of the property as required by § 1162, and that he continues in possession of the property without plaintiff's permission or consent.[4]

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Dec. 15, 2010), Exh. B (Complaint for Unlawful Detainer ("Complaint")).

[2]Complaint, ¶ 3.

[3]*Id.*, ¶ 7.

[4]*Id.*, ¶ 8.

Plaintiff's complaint states a single state law claim for unlawful detainer. In addition to possession of the property, plaintiff seeks restitution and damages at the rate of $56.67 per day from July 13, 2010, until the date judgment is entered, as well as costs of suit.[5]

Defendant removed the action to federal court on December 15, 2010, alleging that "he has no protection of the law under California Courts" and that the unlawful detainer action "abrogate[s]" his "[c]onstitutionally guaranteed rights to due process and [a] fair hearing."[6] Defendant invokes the court's jurisdiction under 28 U.S.C. § 1443(1).[7]

## II.  DISCUSSION

### A.     Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). As the party seeking removal, the defendant must prove, by a preponderance of the evidence, facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

---

[5]*Id.*, ¶¶ 11-13.

[6]Removal at 1.

[7]Defendant's removal petition cites 28 U.S.C. § 1443(1), which provides that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

### B.  Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different that the amount pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking removal had to prove with "legal certainty" that the amount in controversy was satisfied, notwithstanding prayer for relief in complaint).

Plaintiff's complaint states that the "[a]mount demanded does not exceed $10,000."[8] The notice of removal does not allege an amount in controversy. Accordingly, the court assumes that the amount in controversy requirement for diversity jurisdiction is not met. Likewise, minimal diversity appears to be lacking. Plaintiff alleges that it is a California limited liability company.[9] Neither the citizenship of plaintiff's members nor defendant's citizenship is alleged in the complaint or in the notice of removal. Because defendant has not alleged facts sufficient to support a finding that the amount in controversy exceeds $75,000, and that the citizenship of the parties is diverse, the court lacks diversity jurisdiction to hear the matter.

---

[8]Complaint at 1.

[9]*Id.*, ¶ 7.

3

C.  **Whether the Court Has Jurisdiction to Hear the Matter under §§ 1441(b) or 1443(1)**

Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking removal, shows that plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13. A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Thus, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

Golden Union's complaint does not, on its face, raise a federal question. It states a single claim for unlawful detainer, which is solely a state law cause of action. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts

a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Accordingly, removal based on federal question jurisdiction under § 1441(b) is improper.

Defendant specifically contends that removal is proper under 28 U.S.C. § 1443(1) because his "[c]onstitutionally guaranteed rights to due process and [a] fair hearing" were "[a]brogated or [rendered] non-existent" by the unlawful detainer action.[10] As in *Bonnie Brae Properties, LLC v. Posada,* No. CV 10-9131 PA (PLAx), 2010 WL 4916617 (C.D. Cal. Nov. 29, 2010), "defendant does not allege that the complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. The notice of removal instead appears to assert that certain adverse rulings in the unlawful detainer action have [or will] violate[ ] defendant's constitutional rights." *Id.* at *1.

This type of unlawful detainer "claim[ ] . . . [is] inadequate to establish a basis for removal under 28 U.S.C. § 1443." *Id.* Here, as in *Bonnie Brae*, "[t]here is no allegation or any other indication that Defendant has properly sought to invoke a law that provides 'for the equal civil rights of citizens of the United States,' or that [he] is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim." *Id.* (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir.2006) ("A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966) ("'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights,'" quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970))).

Defendant's allegation that his "[c]onstitutionally guaranteed rights to due process and [a] fair hearing" were "[a]brogated or [rendered] non-existent" by the unlawful detainer action are insufficient to invoke the court's jurisdiction under § 1443.[11] See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms

---

[10]Removal at 1.

[11]*Id.*

of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 [(1966); *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice")).  The fact that plaintiff invokes 28 U.S.C. § 1443 in the notice of removal, therefore, does not demonstrate that the federal court has jurisdiction to hear this case.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith.